GREENWOOD, Plaintiff-Appellee, v. SHIPKA, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3519. Decided December 31, 1952.

100

Henderson & Covington, Youngstown, for plaintiff-appellee.
Edw. J. Williams, Elwyn Jenkins, Youngstown, for defendant-appellant.

(SKEEL, PJ, HURD, J, KOVACHY, J, of the 8th District sitting by designation in the 7th Appellate District.)

## OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a judgment entered for the plaintiff on the verdict of the jury. The action is one for assault and battery.

The parties were both employees of The Youngstown Steel & Tube Company where some few days before September 8, 1950, some unfriendly words had passed between the parties. On September 8, 1950, between 4:30 and 5:30 P. M. the plaintiff was in a bar room and restaurant with a lady, for the purpose of having dinner together. At the time of the incident that forms the basis of this action, plaintiff and his girl friend, with other acquaintances, were seated at the bar. While there, the defendant came in with two others and took a place at the bar some distance away. One of the defendant's friends approached the plaintiff and invited him outside to fight, which invitation the plaintiff refused. Thereafter, the defendant, claiming plaintiff was muttering something and making faces at him, which claims of aggravating conduct are denied by the plaintiff, walked around the bar to where plaintiff was seated, struck him with his fist, whereby he, the plaintiff, was knocked from the stool and fell under the counter. The defendant tried to continue his assault upon plaintiff but was prevented from so doing by the proprietor. The plaintiff's watch crystal and band were broken as result of the encounter but otherwise he was not noticeably injured. Plaintiff alleges and so testified that the defendant said, as he was held back from further aggression, "If I can't get you here, I will get you somewhere else." Whereby plaintiff has

since lived in fear of further unlawful aggression on the part of the defendant.

In considering the defendant's claim of error it must be remembered that the defendant admitted unlawfully striking the plaintiff in a public place so that the only justiciable question was that of the amount of damages to plaintiff.

The defendant's first claim of error is that the court should have declared a mistrial for misconduct of plaintiff in presenting evidence. Upon direct examination, plaintiff was asked to testify as to his fear of the defendant because of defendant's remark to the effect "he would get him somewhere else." He testified he was frightened and was permitted to tell of taking down license numbers of automobiles of which he was thereafter suspicious and of his telling his mother that if anything happened to him to look in his shoe where it was inferred he would put such automobile license numbers. The court struck out what he said to his mother and the jury was instructed to disregard it, and defendant's motion for mistrial was overruled.

Plaintiff's condition of mind, his fear and humiliation, all stemmed from defendant's admitted unlawful act and he, the defendant, should not be able to claim immunity from claims of injury and mental suffering which are a direct and probable result of his admitted unlawful and wrongful conduct  The court withdrew the only part of this testimony which was in any way improper and the instruction to the jury to disregard such evidence was sufficient to eliminate any prejudicial error.

The second claim of error is to the effect that the judgment is excessive and was rendered under the influence of passion and prejudice. The plaintiff, asked for both compensatory and punitive damages, and the court correctly charged the jury on that subject. The evidence discloses very little, if any, physical injury or other damages with the exception of a broken watch crystal and watch band. However, evidence of malice and insult, humiliation and mental suffering, indignity, disgrace and mortification was clearly presented to the jury. We are of the opinion that the judgment of $2750.00 is excessive. We do not find, however, that such excessive amount was the result of passion or prejudice. The amount of the verdict was just one-half of the amount prayed for. We therefore order a remittitur of $1750.00 and, if accepted within ten days of this docket entry, the judgment will be modified to $1000.00,—otherwise an order reversing the judgment as excessive and the cause remanded for further proceedings, will be entered.

The fourth claim of error deals with the charge of the court on the subject of proximate cause and damages. A reading of the charge however discloses that both of these subjects were correctly treated by the court and such claim is therefore overruled.

We likewise find no merit in defendant's claim of error of misconduct of counsel or in limiting cross-examination. The defendant, not the plaintiff, brought into the case the unfriendliness of the parties toward each other by reason of certain name calling which took place at their place of employment some ten days before September 8, 1950. The defendant therefore cannot complain if proper reference to such evidence is made in argument. The court also has, in the exercise of sound discretion, control of the extent to which a witness may be cross-examined, and

we find no abuse of that power with reference to the cross-examination of the plaintiff.

Coming now to the claim that the bill of exceptions as certified by the court, especially as to the court's charge to the jury, is, in fact. not a correct exemplification of the charge given to the jury. The settling of the bill of exceptions is exclusively within the province of the trial court and this court is without authority to determine what, if any, changes should be made to make it speak the truth. When a trial court certifies that the bill of exceptions correctly presents what took place upon the trial, this court is bound by such certification and we accept the trial court's determination on that subject.

For the foregoing reasons, if the plaintiff accepts the remittitur ordered, the judgment as modified to $1000.00 will be affirmed, otherwise the judgment will be reversed as excessive and the cause will be remanded for further proceedings according to law. Exceptions noted. Order see journal.

HURD, J, KOVACHY, J, concur.